Dissenting opinion issued March 29, 2002








 

In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-99-01147-CR

____________


CARROLL DWAYNE YOUNG, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court 

Harris County, Texas

Trial Court Cause No. 802,485 






DISSENTING OPINION

 In this case, one of the prospective jurors stated that she had worked with child
sex abuse victims for almost 30 years, and, in her experience, she had never
encountered a case in which a child had not been truthful about the abuse. Appellant
immediately moved for a mistrial, asserting the prospective juror's statements had
polluted the jury panel. Appellant claims the trial court exacerbated the situation by
repeating the prospective juror's statements.

 Because the record does not reveal the trial court's tone of voice, we cannot say
that the trial court's comments were not expressing an incredulous tone thereby
undermining, not reinforcing, the effect of the prospective juror's comments. This
is not a case like Blue v. State, 41 S.W.3d 129 (Tex. Crim. App. 2000), in which the
trial court's comments were not subject to different interpretations depending on the
tone of voice used. We may disagree with the trial court's method of dealing with
this situation, but, based on the state of the record before us, we are not in a position
to evaluate whether an instruction to disregard would have cured any harm. If, as
Blue emphasizes, a trial court's statements carry great weight with the venire, a trial
court's instruction to disregard must be given at least equally great weight.

 While the majority opinion finds inevitable distinctions, there certainly are
cases in which instructions to disregard have cured very prejudicial statements during
jury selection, at least one of which turned on the tone of voice used. See Cuellar v.
State, 943 S.W.2d 487, 489-90 (Tex. App.--Corpus Christi 1996, pet. ref'd) (holding
that instruction to disregard would have cured harm when, asked if anyone knew
defendant, a veniremember responded, "Well, if he is the gang member in McAllen,
yes. I mean, I don't know him, but I know the boy that he killed"; emphasizing tone
of veniremember's response); McGee v. State, 923 S.W.2d 605, 607-08 (Tex.
App.--Houston [1st Dist.] 1995, no pet.) (holding that instruction to disregard
sufficient to cure harm from remark of veniremember who knew defendant and stated
she knew he had prior convictions); White v. State, 910 S.W.2d 630, 632-34 (Tex.
App.--Beaumont 1995, no pet.) (holding that instruction to disregard cured prejudice
from prosecutor's statement during voir dire that evidence would show that
appellant's cousin had been working in cooperation with appellant in commission of
charged offense and had already pled guilty). Based on the record before us, I would
hold that we simply do not know that this is a case in which an instruction to
disregard, had it been requested, could not have cured the prejudice. 

 Accordingly, I respectfully dissent.

 




 Tim Taft


 Justice


Panel consists of Justices Taft, Brister (1)
, and Duggan. (2)


En banc consideration was requested.


A majority of the justices of the Court voted to consider the case en banc.


The en banc court consists of Chief Justice Schneider, and Justices Cohen, Mirabal,
Wilson, Hedges, Taft, Nuchia, Jennings, Radack, Duggan, and Brister. 


Justice Taft, dissenting from the en banc decision. Justices Nuchia and Brister join
Justice Taft's dissenting opinion.


Publish. Tex. R. App. P. 47.4.
1. The Honorable Scott Brister, who became Chief Justice of the Fourteenth
Court of Appeals on July 16, 2001, continues to sit by assignment for the
disposition of this case, which was submitted on March 5, 2001.

2. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.